**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

ROBERT MILLIGAN,                :
                                     Civil Action No. 06-1361 (FLW)
          Petitioner,           :

          v.                    :     **OPINION**

CHARLES SAMUELS, Warden,        :

          Respondent.           :

**APPEARANCES**:

Petitioner pro se
Robert Milligan
#32417-037
F.C.I. Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

**WOLFSON**, District Judge

　　　Petitioner Robert Milligan, a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging the conviction and sentence pursuant to which he is confined.

---

　　　[1] Section 2241 provides in relevant part:

　　　(a) Writs of habeas corpus may be granted by the
　　　Supreme Court, any justice thereof, the district courts
　　　and any circuit judge within their respective
　　　jurisdictions.
　　　(c) The writ of habeas corpus shall not extend to a
　　　prisoner unless-- ... (3) He is in custody in violation
　　　of the Constitution or laws or treaties of the United
　　　States ... .

Because this Court lacks jurisdiction to consider this Petition, and it is not in the interest of justice to transfer the Petition, this Court will dismiss the Petition, without prejudice, for lack of jurisdiction.

## I.  BACKGROUND

The following background facts are taken from the Petition and are accepted as true for purposes of this Opinion and accompanying Order.

On April 23, 1997, in the U.S. District Court for the District of Maryland, Petitioner pleaded guilty to one count of arson in violation of 18 U.S.C. § 844(i).[2]  Petitioner was sentenced to a term of imprisonment of 210 months.

On October 6, 1998, Petitioner's conviction was affirmed by the U.S. Court of Appeals for the Fourth Circuit.  On December 31, 1999, Petitioner filed in the sentencing court a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  On June 28, 2000, the sentencing court denied the motion.  Petitioner filed a Notice of Appeal and a Motion for Issuance of a Certificate of Appealability.

On May 22, 2000, during the pendency of Petitioner's § 2255 motion in the sentencing court, the U.S. Supreme Court decided

---

[2] It is a crime under 18 U.S.C. § 844(i) to damage or destroy, "by means of fire or an explosive, any ... property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce."

Jones v. United States, 529 U.S. 848, 850-51 (2000), holding that "an owner-occupied residence not used for any commercial purpose does not qualify as property 'used in' commerce or commerce-affecting activity; arson of such a dwelling, therefore, is not subject to federal prosecution under § 844(i)."  On August 9, 2000, the sentencing court granted a Certificate of Appealability as to the issue of whether "vacant rental property" meets the "current use" requirement set out in Jones.  The Court of Appeals for the Fourth Circuit affirmed the sentencing court's denial of the § 2255 motion.  See U.S. v. Milligan, 3 Fed.Appx. 169, 2001 WL 173171 (4th Cir. Feb. 22, 2001).

On August 9, 2005, this Court received Petitioner's first Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See Milligan v. Nash, 05-cv-3950 (FLW).  This Court dismissed that Petition for lack of jurisdiction.

On March 23, 2006, this Court received this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Here, Petitioner contends that his conviction under 18 U.S.C. § 844(i) is invalid under Jones, because his guilty plea was not knowing and voluntary and because the trial judge failed to inform him of the nature of the charge against him.  Petitioner contends that his continued incarceration deprives him of due process and constitutes cruel and unusual punishment.  He states that this Court has jurisdiction under § 2241 because the gatekeeping

provisions of § 2255 prevent him from filing a second or successive § 2255 motion.

## II.   ANALYSIS

A.   Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.   Petitioner's claim

Petitioner contends that he is entitled to habeas relief under § 2241, because he cannot meet the gatekeeping provisions

4

of § 2255, which prohibits second or successive motions except under narrowly-defined circumstances.

As noted by the Court of Appeals for the Third Circuit in <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997), a § 2255 motion filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. <u>See also</u> <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002); <u>United States v. Walker</u>, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In <u>Dorsainvil</u>, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a

5

petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Petitioner's inability to meet the gatekeeping requirements of § 2255 does not render it an inadequate or ineffective remedy with respect to the claims asserted in this Petition.  To the contrary, Petitioner presented to the sentencing court, and the Court of Appeals for the Fourth Circuit, the very claim he asserts here.  Accordingly, the Petition must be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C.

§ 2255,[3] which must be filed in the district of conviction, and over which this Court lacks jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing.  28 U.S.C. § 2244.

It does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the Fourth Circuit, as it has addressed this very claim previously and found against Petitioner.

---

[3] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner has already pursued an unsuccessful first § 2255 motion, no purpose would be served by a Miller notice.

### III. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.

                                             S/Freda L. Wolfson
                                             Freda L. Wolfson
                                             United States District Judge

Dated: May 2, 2006